**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA MARITZA OLIVIA-VASQUEZ, | No.    15-73228 |
| Petitioner, | Agency No. A098-897-242 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Ana Maritza Olivia-Vasquez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's decision denying her application for

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant in part and deny in part the petition for review, and remand.

When the agency found that Olivia-Vasquez failed to establish the Salvadoran government was or would be unable or unwilling to control the persecutor, it did not have the benefit of this court's decision in *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069-72 (9th Cir. 2017) (examination of all relevant record evidence, including country reports, is required to determine whether private persecutors are individuals whom the government is unable or unwilling to control, and the failure to report to authorities is not outcome determinative).

In addition, when the agency found Olivia-Vasquez failed to establish the harm she suffered and fears was on account of a protected ground, it did not have the benefit of this court's decision in *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that the "one central reason" standard applies to asylum but not withholding of removal).

If on remand the BIA concludes that Olivia-Vasquez established past persecution, she will be presumed to have a fear of future persecution. *See Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021). The BIA must then determine whether the government can rebut this presumption by showing either a

15-73228

fundamental change in circumstances or that Olivia-Vasquez could avoid future persecution by relocating internally within El Salvador.  8 C.F.R. § 1208.16(b)(1)(i), (ii).

We do not consider Olivia-Vasquez's contentions regarding her eligibility for asylum and relief under the Convention Against Torture because the BIA did not reach these issues, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Olivia-Vasquez does not contend the BIA erred in finding these claims were not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Thus, we grant the petition for review, and we remand Olivia-Vasquez's withholding of removal claim to the agency for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Olivia-Vasquez's removal is stayed pending a decision by the BIA.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**